Filed 1/10/23 P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>ANDRE JOHNSON,<br><br>      Defendant and Appellant. | F084111<br><br>(Super. Ct. No. CF98612873)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County. Jonathan B. Conklin, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench, and Kathryn L. Althizer, Deputy District Attorneys, for Plaintiff and Respondent.

-ooOoo-

---

*      Before Hill, P. J., Peña, J. and Snauffer, J.

Defendant Andre Johnson contends on appeal the trial court erred when it denied defendant's petition for resentencing. We agree. The trial court's order denying defendant's petition for resentencing is reversed and the trial court is directed to reconsider defendant's petition. In all other respects, we affirm.

## PROCEDURAL SUMMARY[1]

"In 1998, a jury convicted defendant on two counts each of second degree robbery ([Penal Code, ]§§ 211 & 212.5, subd. (c);[2] counts 1 & 3); receiving stolen property (§ 496, subd. (a); counts 2 & 7); false imprisonment (§ 236; counts 4 & 5); and one count each of second degree burglary (§ 459; count 6) and possession of a firearm by a felon (former § 12021, subd. (a)(1); count 8). The jury also found true personal use of a firearm enhancements (§ 12022.5, subd. (a)(1)) on counts 1, 3, and 5. Defendant admitted that he had suffered four prior serious felony convictions (§ 667, subd. (a)) and four prior strike convictions within the meaning of the ["]Three Strikes["] law.

"On October 23, 1998, the trial court struck two of the serious felony enhancement allegations. The trial court sentenced defendant to a determinate term of 22 years and an indeterminate term of 175 years to life.

"On July 23, 2014, pursuant to section 1170.126, defendant filed a pro se petition to recall his sentence.

"On May 3, 2018, the trial court resentenced defendant to a total determinate term of 19 years four months, and a total indeterminate term of 75 years to life, as follows: on count 1, 25 years to life, plus two five-year serious felony enhancements, and a four-year arming enhancement; on count 3, 25 years to life, consecutive, and a four-year arming enhancement; on count 4, six years (the upper term, doubled pursuant to the prior strike conviction, in accordance with §§ 667, subd. (e)(1), 1170.12, subds. (b) & (c)(1)), concurrent; on count 5, 25 years to life, concurrent, and a four-year arming enhancement; on count 6, 16 months (one-third the midterm), consecutive; on count 7, six years (the upper term, doubled pursuant to the prior strike conviction, in accordance with §§ 667, subd. (e)(1), 1170.12,

---

[1]     The facts contained in this section are taken from our opinion in defendant's prior appeal in case No. F083747.

[2]     All statutory references are to the Penal Code.

subds. (b) & (c)(1)), concurrent; and on count 8, 25 years to life, consecutive.[3]

"On June 28, 2019, this court vacated defendant's sentence and remanded the matter for resentencing. (*People v. Johnson* (June 28, 2019, F077491) [nonpub. opn.].) Defendant was also granted permission to file a *Romero*[4] motion.

"On July 29, 2021, the resentencing hearing was held. The trial court denied defendant's *Romero* motion and resentenced defendant .… On count[ ] … 7, defendant was again sentenced to six years … (the upper term[ ], doubled).

"On August 20, 2021, defendant filed a notice of appeal." (*People v. Johnson* (Sept. 13, 2022, F083747) [nonpub. opn.].)

On November 22, 2021, defendant filed a petition for resentencing of his conviction on count 7 (§ 496, subd. (a)), pursuant to section 1170.18, subdivisions (b) and (g). On March 10, 2022, the trial court denied defendant's petition with prejudice.

On March 23, 2022, defendant filed a timely notice of appeal of the trial court's order denying his petition for resentencing.

On September 13, 2022, this court vacated defendant's sentence on counts 4 and 7 and remanded the matter for resentencing pursuant to his appeal. (*People v. Johnson*, *supra*, F083747 [nonpub. opn.].)

## FACTUAL SUMMARY

In 1997, defendant was involved in a series of armed theft-related offenses, during which he restrained several of his victims' wrists and robbed them at gunpoint. Defendant was also in possession of property stolen during one of the robberies,

---

[3]    "On May 3, 2018, the trial court described counts 1, 3, and 5 as consecutive and count 8 as concurrent, but a minute order from the same date describes counts 1, 3, and 8 as consecutive and count 5 as concurrent. However, regardless of which is correct, the cumulative sentence is not affected."

[4]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

3.

including a computer and monitor. (*People v. Johnson* (June 28, 2019, F077491) [nonpub. opn.]).

## DISCUSSION

Defendant contends the trial court improperly denied his petition for resentencing without holding an evidentiary hearing because defendant's conviction on count 7 is eligible for relief under section 496, subdivision (a), as amended by section 1170.18. The People agree, as do we.

### A.    *Background*

On November 22, 2021, defendant filed a petition for resentencing of his conviction on count 7, pursuant to section 1170.18, subdivisions (b) and (g). Defendant moved for his felony conviction under section 496, subdivision (a) to be reduced to a misdemeanor, arguing that the demonstrated value of the stolen computer and computer monitor was less than $950.

On March 10, 2022, the trial court stated two reasons for denying defendant's petition with prejudice: (1) his conviction did "not qualify for relief under … § 1170.18, subd. (a) or subd. (f)"; and (2) defendant "suffered a prior conviction for a crime listed in … § 667, subd. (e)(2)(c)(iv)."

### B.    *Law*

The Safe Neighborhoods and Schools Act (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)) implemented several changes to substantive sentencing law by adding section 1170.18 and reclassifying certain nonserious and nonviolent property and drug offenses from felonies and "wobblers" (crimes that could be treated as felonies or misdemeanors) to misdemeanors. (Voter Info. Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 5–14, pp. 71–74.)

"Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or

4.

amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

Section 496 was amended by Proposition 47, making the receipt of "any property" valued at $950 or less a misdemeanor, thus converting the offense of receiving stolen property from a felony or "wobbler" to a misdemeanor. (§§ 496, subd. (a), 1170.18.)

We review de novo the trial court's legal conclusions that defendant's conviction does not qualify for relief under Penal Code section 1170.18. (*People v. Bunyard* (2017) 9 Cal.App.5th 1237, 1242.)

### C.    Analysis

The parties agree, as do we, that the trial court erred in ruling that defendant's conviction on count 7 (§ 496, subd. (a)) does "not qualify for relief under … section 1170.18." Section 1170.18, subdivision (a), provides that a person serving a sentence on November 5, 2014, for a felony conviction for violating section 496 is eligible to have such a conviction reduced to a misdemeanor. (*People v. Bush* (2016) 245 Cal.App.4th 992, 1006 ["[R]eceiving stolen property in violation of section 496, subdivision (a) … [is] listed in section 1170.18 as [a] crime[] which qualif[ies] a defendant for resentencing under Proposition 47."]) Defendant was serving a sentence on November 5, 2014, for a felony conviction of receiving stolen property under section 496, subdivision (a). Accordingly, his conviction on count 7 (§ 496, subd. (a)) qualifies for relief under section 1170.18 and amended section 496, subdivision (a).

5.

We also agree with the parties that the trial court erred when it stated it was also denying defendant's resentencing petition because defendant "suffered a prior conviction for a crime listed in … section 667, subd. (e)(2)(C)(iv)." Section 1170.18, subdivision (i), states, "[t]his section does not apply to a person who has one or more prior convictions for an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or for an offense requiring registration pursuant to subdivision (c) of [s]ection 290." Section 667, subdivision (e)(2)(C)(iv) enumerates seven "super strikes" and section 290, subdivision (c) involves sex offenses. (*People v. Sweeney* (2016) 4 Cal.App.5th 295, 299–300.) However, defendant does not have any "super strike" or sex-related convictions. Defendant's prior convictions include arson (former § 447a, reenacted at § 451) and five convictions for robbery (§ 211), none of which fall under section 667, subdivision (e)(2)(C)(iv). Further, the fact that defendant is serving three consecutive Three Strikes sentences—75 years to life—for these convictions does not make him ineligible for section 1170.18 relief. (*People v. Hernandez* (2017) 10 Cal.App.5th 192, 204 ["[D]efendant was not disqualified from resentencing under section 1170.18, subdivision (i) by virtue of the fact that his robbery conviction was punished by an indeterminate life term under the Three Strikes law, since robbery itself is not '[a] serious and/or violent felony offense punishable in California by life imprisonment or death' under section 667, subdivision (e)(2)(C)(iv)(VIII)."].)

Defendant was convicted of a felony on count 7 (§ 496, subd. (a)). However, section 1170.18 amended section 496, subdivision (a), making the receipt of "any property" valued at $950 or less now a misdemeanor, not a felony or "wobbler." Accordingly, defendant's felony conviction on count 7 for violation of section 496, subdivision (a), is not consistent with the requirements of amended section 496.

Therefore, as the parties agree, the matter is remanded to the trial court for reconsideration of whether defendant's offense is a violation of amended section 496.[5]

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed and the trial court is directed to reconsider defendant's petition.[6] In all other respects, we affirm.

---

[5] The trial court may assess whether defendant's petition alone established that he is entitled to relief or whether an evidentiary hearing is necessary. (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.)

[6] As defendant's prior appeal, *People v. Johnson*, *supra*, F0837472 [nonpub. opn.], was recently filed, it may serve judicial economy for both matters to be heard in a single resentencing hearing.